No. 10,622.

## RICHARDS v. W. T. RAWLEIGH CO.

Decided January 7, 1924.  Rehearing denied February 4, 1924.

Action for balance due on account.   Judgment for plaintiff.

## Affirmed.

### On Application for Supersedeas.

1. CONTRACTS—*Restraint of Trade.*  Evidence reviewed, and the contention that a contract for the sale of merchandise was invalid as in restraint of trade, overruled.   .

2.    *Defense—Burden.*  In an action for balance due for goods sold under contract, the defendants having asserted the invalidity of the contract, had the burden of showing how and why it was unlawful.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. SELIG & KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

FOR convenience The W. T. Rawleigh Company will hereinafter be referred to as plaintiff, and the plaintiffs in error as defendants.

The action was to recover of Houghton, as principal, and of the other defendants as guarantors, a balance of $1,584.64, on account of merchandise sold to defendant Houghton, pursuant to a written contract between plaintiff and Houghton, the performance of which was guaranteed by the other defendants.   A copy of the contract

was attached to the complaint. The defendants admit the execution of the contract, but seek to avoid its effect by several affirmative defenses, in substance charging, on information and belief, its invalidity, in that the plaintiff company made the defendant Houghton its exclusive salesman of the goods manufactured by it in a restricted territory in Montrose county, Colorado, and that it arbitrarily fixed retail prices at which the goods should be sold by the defendant Houghton to consumers, the effect of which was to limit competition and was therefore in restraint of trade. The trial was to the court. The plaintiff had judgment. Defendant Richards came here on error and asked for a final determination on his application for a supersedeas.

There is nothing on the face of the contract which supports the theory of the defendants. Four of the officers of the plaintiff company testified as to their method of doing business in Colorado and elsewhere throughout the United States. The testimony of these witnesses is uncontradicted. The secretary of the plaintiff company testified: "We sell none of our goods in the state of Colorado. They are all sold by delivering them f.o.b. at Freeport, Illinois, and after we have so placed them the goods belong absolutely to the customer. The customers who buy from us under contract are in business strictly for themselves, and are not agents or representatives of ours in any way, but are at liberty to sell their goods where they please, in any manner they please, and for what they please. Mr. Houghton was a customer of ours. He was buying from us on time. He furnished us a contract, signed by himself as principal and the other parties as sureties. He was conducting his own business, and we sold these goods to him outright, by delivering them f.o.b. at Freeport, Illinois. He was at perfect liberty to sell his goods any place, to any person, in any manner, and for whatever price he might see fit. He was not representing us, nor was he our agent in any particular whatever, and not a dollar's worth

of goods was ever sold to him on commission or consignment, but absolutely outright."

The defendants did not testify. The only evidence given on behalf of the defendants was by defendants' attorney, which was of small import. The burden of proving the affirmative defenses rested upon the defendants, who asserted the invalidity of the contract, to show how and why it was an unlawful contract. This they did not do, and the trial court so found. We think from the record the court could not have done otherwise.

The supersedeas is denied, and the judgment of the court is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.